USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/9/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES TAGLIAFERRI,                                          :
                                                            :
                              Plaintiff,                    :
                                                            :    15 Civ. 2685 (LGS)
                    -against-                               :
                                                            :    **OPINION AND ORDER**
MATTHEW J. SZULIK, et al.,                                  :
                              Defendants.                   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Plaintiff James Tagliaferri, acting pro se, sues Matthew J. Szulik and Kyle M. Szulik (collectively, the "Defendants" or the "Szuliks") for statements made either to Tagliaferri's attorney or at a sentencing hearing held after Plaintiff's conviction for various counts of fraud. Tagliaferri's First Amended Complaint ("the Complaint") asserts one claim of intentional infliction of emotional distress against Matthew Szulik and a second claim of "defamation" against both defendants. Defendants move to dismiss for failure to state a claim. For the reasons stated below, Defendants' motion is granted.

## BACKGROUND

The following facts are taken from the Complaint and accompanying exhibits. For purposes of the present motion, the Complaint's allegations are assumed to be true.

Between 1996 and 2010, the Szuliks were investment advisory clients of TAF Virgin Islands, Inc. and its predecessor, Taurus Advisory Group. Tagliaferri owned 50% of these companies and was responsible for managing the Szuliks' portfolio. In 2004, Matthew Szulik asked Tagliaferri to manage the assets of the Raymond W. Szulik Trust, of which Matthew was the trustee. Tagliaferri agreed to do so without charge. In December 2010, the Szuliks filed suit

against Tagliaferri in federal court alleging, among other things, fraud and breach of fiduciary duty. Tagliaferri and the Szuliks settled that action in March 2014.

On or about July 17, 2014, Matthew Szulik came across Tagliaferri's attorney in a court hallway and told the lawyer that Tagliaferri was "the Face of Evil." Upon hearing about this statement from his lawyer, Tagliaferri "became physically ill," affecting his ability to testify at his trial and causing him to seek help from mental health professionals. Tagliaferri alleges that this incident is just one of "a long series of malicious, reckless and extremely outrageous acts perpetrated by the Defendants and contrived to ruin the Plaintiff, financially and emotionally."

The following year, on February 13, 2015, the Szuliks spoke at a hearing to sentence Tagliaferri for securities and other fraud. Matthew Szulik testified that Tagliaferri had defrauded his father, and Kyle Szulik testified that "[w]hile my father was dying and our daughter was laying critically ill in the intensive care unit, Tagliaferri repeatedly and brazenly stole from us time and time again." Kyle Szulik also testified: "After my father's death, [Tagliaferri] communicated with my then 78 year old mother about her finances. He even called her by her pet name, Mimsy. He preyed upon her grief to gain her trust." She further testified: "With pre-meditation and intent, he used our children to build trust with us." Tagliaferri alleges that both Defendants knew that their statements were false. He also alleges that the Szuliks shared these comments with various non-parties -- including the Szuliks' children and their lawyers at Holland & Knight -- prior to the sentencing hearing.

## **STANDARD**

On a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). To withstand dismissal, a pleading "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

**DISCUSSION**

**I.     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Under New York law, the tort of intentional infliction of emotional distress ("IIED") "has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. N.Y. Post Co.*, 612 N.E.2d 699, 702 (N.Y. 1993).

The standards for pleading an actionable claim of IIED are extremely high, and "IIED, although providing relief for plaintiffs upon occasion . . . , remains a highly disfavored tort under New York law." *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 158 (2d Cir. 2014) (internal quotation marks and alteration omitted); *see also Howell*, 612 N.E.2d at 702 ("[O]f the intentional infliction of emotional distress claims considered by this Court, every one has failed because the alleged conduct was not sufficiently outrageous."). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Howell*, 612 N.E.2d at 702 (internal quotation marks omitted).

Given this exacting standard, the Complaint's allegations do not plead an actionable claim of IIED. The Complaint alleges that Matthew Szulik approached Tagliaferri's lawyer in July 2014, and described Plaintiff as "the Face of Evil." It also alleges that in February 2015,

Matthew Szulik lied during Plaintiff's sentencing hearing when he testified that Tagliaferri defrauded his father. Despite Tagliaferri's arguments to the contrary, neither of those events could be construed as going beyond all possible bounds of decency or utterly intolerable in a civilized community. *See*, *e.g.*, *Biberaj v. Pritchard Indus., Inc.*, 859 F. Supp. 2d 549, 565 (S.D.N.Y. 2012) ("While she testified that her supervisors and co-workers called her names and insulted her 'many times,' . . . the alleged harassment does not appear to rise to the level of 'atrocious and intolerable in a civilized society.'").

Similarly, the Complaint asserts that "[t]his action arises from the most recent in a long series of malicious, reckless and extremely outrageous acts perpetrated by the Defendants and contrived to ruin the Plaintiff, financially and emotionally." The Complaint, however, does not allege a "long series" of Defendants' actions. Aside from the "Face of Evil" comment and the Szuliks' testimony at his sentencing hearing, the Complaint does not identify additional conduct to support a finding that Defendants engaged in "an unrelenting campaign of day in, day out harassment." *Id*. at 565. Defendants' motion to dismiss the IIED claim is granted.

## II.   DEFAMATION

"Defamation, consisting of the twin torts of libel and slander, is the invasion of the interest in a reputation and good name. Generally, spoken defamatory words are slander; written defamatory words are libel." *Albert v. Loksen*, 239 F.3d 256, 265 (2d Cir. 2001) (internal quotation marks and citation omitted). The Complaint does not allege that any of the Szuliks' statements were written as opposed to spoken, and his defamation claim is therefore construed as one for slander. Under New York law, the elements for slander are: "(i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) of and concerning the plaintiff, (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm

4

or constituting slander per se, and (vii) not protected by privilege." *Id*. at 265–66 (citing *Dillon v. City of New York*, 704 N.Y.S.2d 1, 5 (1st Dep't 1999)) (internal quotation marks, additional citation and footnote omitted).  To be defamatory, a "statement must do more than cause discomfort or affront; the statement is measured not by the sensitivities of the maligned, but the critique of reasonable minds that would think the speech attributes odious or despicable characterizations to its subject." *Chau v. Lewis*, 771 F.3d 118, 127 (2d Cir. 2014) (applying New York law).

 Defendants argue that Plaintiff's claim must be dismissed because the challenged statements are both privileged and true.  In response, Tagliaferri argues that the statements were false and that the Complaint identifies statements made outside any privileged context.

### A. Statements Made at Plaintiff's Sentencing Hearing

"[A] statement, made in open court in the course of a judicial proceeding, is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation." *Martirano v. Frost*, 25 N.Y.2d 505, 507, 255 N.E.2d 693 (1969); *accord Front, Inc. v. Khalil*, 24 N.Y.3d 713, 718, 28 N.E.3d 15 (2015).  "[T]he test to determine whether a statement is pertinent to litigation is extremely liberal such that the offending statement, to be actionable, must have been outrageously out of context." *Flomenhaft v. Finkelstein*, 127 A.D.3d 634, 637, 8 N.Y.S.3d 161 (1st Dep't 2015) (internal quotation marks and citations omitted).

The majority of Tagliaferri's defamation allegations describes statements made during his sentencing hearing before Judge Abrams.  These statements, made during a legal proceeding and pertinent to Tagliaferri's sentencing, cannot form the basis for a defamation claim.  *See Solomon v. Larivey*, 49 A.D.3d 1274, 1276, 853 N.Y.S.2d 770 (4th Dep't 2008) (holding that victim impact statements were "unquestionably . . . pertinent and material to the criminal proceeding");

*see also Martirano*, 25 N.Y.2d at 508 (statement in open court by complainant in criminal proceeding about defense attorney and his request for adjournment was absolutely privileged). Tagliaferri alleges that the Szuliks' statements at sentencing were "false, uttered with malice, . . . slanderous and defamatory." Even assuming this were true, statements made during judicial proceedings "are accorded an absolute privilege" that applies "regardless of the motive with which they were made." *See El Jamal v. Weil*, 116 A.D.3d 732, 734, 986 N.Y.S.2d 146 (2d Dep't 2014). Defendants' motion to dismiss is granted with respect to the statements made at Tagliaferi's sentencing.

### B. Other Allegedly Defamatory Statements

"In an action for libel or slander, the particular words complained of shall be set forth in the complaint . . . ." N.Y. C.P.L.R. 3016(a). "The complaint also must allege the time, place and manner of the false statement and . . . specify to whom it was made." *Dillon*, 704 N.Y.S.2d at 5; *see also Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 763 (2d Cir. 1990) ("Her claims for 'defamation and malicious injurious falsehood or disparagement' charge, in effect, slander, yet she fails to plead adequately the actual words spoken, publication or special damages."); *O'Brien v. Alexander*, 898 F. Supp. 162, 172 (S.D.N.Y. 1995) ("The second amended complaint, however, fails to identify what allegedly defamatory statements were repeated and it fails to allege which false statements were uttered by whom . . . and must be dismissed as well.").

In addition to the statements made at his sentencing, Tagliaferri alleges that the Szuliks "made entirely gratuitous statements outside any judicial setting to third-parties which contained remarks they intended to deliver at Plaintiff's sentencing hearing." According to the Complaint, "[e]ach Defendant shared their disparaging, defamatory statements directed at the Plaintiff with

6

third-parties prior to the sentencing hearing, including among others their children, Brendan, Keenan and Kaitlin and members of the firm Holland and Knight."

These allegations fail to plead with requisite particularity either the words used or the time and manner in which the statements were made.  Without allegations setting forth the words spoken (or written) -- and to whom and in what context -- it is impossible to determine whether Tagliaferri can state a viable claim for slander or libel under New York law, or if any privilege would apply to those statements.  Defendants' motion to dismiss with respect to statements allegedly made outside Tagliaferri's sentencing hearing is granted.

### III.    LEAVE TO AMEND

For the reasons stated above, the Complaint is dismissed in its entirety.  In his opposition brief, Tagliaferri "requests the opportunity to re-plead."  "A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and alterations omitted).  "Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987 F.3d 129, 131 (2d Cir. 1993); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that repleading would be "futile" in light of pro se complaint's substantive deficiencies).

For the reasons set forth above, any amendment concerning claims for (1) intentional infliction of emotional distress or (2) defamation arising from the Szuliks' statements at the sentencing hearing would be futile.  Plaintiff's request for leave to amend is granted only with respect to his defamation claims insofar as they arise from statements other than those made at his sentencing hearing.

Plaintiff is cautioned, however, that "'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).  Neither Tagliaferri's original complaint nor the First Amended Complaint identified specific "defamatory" conversations or publications that took place outside the context of his sentencing hearing.  Any subsequent amendment to the Complaint seeking to remediate these deficiencies will be subject to Rule 11's requirement that the "factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ P. 11(b)(3).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in its entirety.  Plaintiff shall file his amended complaint, if any, by November 6, 2015.  The Clerk of Court is directed to close the motion at Docket No. 25 and to send Plaintiff a copy of this Order.

SO ORDERED.


Dated: October 9, 2015
      New York, New York

                                        LORNA G. SCHOFIELD
                                UNITED STATES DISTRICT JUDGE