UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

JAMES TAGLIAFERRI,                                  :
                                                    :
                              Plaintiff,            :
                                                    :
                -against-                           :
                                                    :
MATTHEW J. SZULIK,                                  :
                                                    :
                              Defendant.            :

------------------------------------------------------- X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: 05/25/2016 |

15 Civ. 2685 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

        Plaintiff James Tagliaferri, acting pro se, sues Defendant Matthew J. Szulik for

defamatory statements made to Tagliaferri's attorney, Scott B. Tulman.  Tagliaferri's Second

Amended Complaint ("SAC") asserts claims of "[d]efamation," "[s]lander" and "[s]lander per

se" against Defendant.  Defendant moves to dismiss for failure to state a claim.  For the reasons

below, the motion is granted.

I.      **BACKGROUND**

        Except as noted, the following facts are taken from the SAC and the affirmation of Mr.

Tulman, which is appended to the SAC.  For purposes of the present motion, the SAC's

allegations are assumed to be true.

        Plaintiff, as CEO and fifty-percent shareholder of Tag Virgin Islands, Inc. and its

predecessor investment advisory firm, managed a portfolio on behalf of the Raymond W. Szulik

Trust between 2004 and 2010.  Defendant was its trustee.  Neither Plaintiff nor his companies

received any fees for managing the portfolio.

In June and July 2014, Plaintiff was the defendant in a criminal trial in this court.  *United States v. Tagliaferri*, 13 Cr. 115.  According to a court order filed in that case, Tagliaferri was convicted of twelve counts of fraud involving multiple investors and relating to mismanagement of investment funds -- one count of investment advisor fraud, one count of securities fraud, four counts of wire fraud, and six counts of violating the Travel Act.[1]  At least one of the convictions for wire fraud rested in part on evidence of deception involving investments made on behalf of Defendant.

During the trial, on or about July 17, 2014, Defendant approached Plaintiff's defense counsel in the hallway outside the trial courtroom and made "false, defamatory, malicious and slanderous comments regarding Plaintiff to Scott B. Tulman, Esq.," describing "Plaintiff as a 'predator' who defrauded his father and 'victimized' his father [and] the 'Face of Evil.'"  The SAC alleges that Defendant accused Plaintiff of "criminally fraudulent behavior in the management of the Raymond W. Szulik Trust portfolio," with intent to "adversely affect Plaintiff's reputation and business as an investment advisor."  He also alleges that the statements caused "irreparable harm to his reputation as well as severe emotional distress."

Plaintiff filed the initial complaint against Defendant and his wife on April 7, 2015, and the first amended complaint on June 28, 2015.  On October 9, 2015, Defendants' motion to dismiss for failure to state a claim was granted.  On December 21, 2015, Plaintiff was granted leave to replead, resulting in the SAC, which is the subject of the instant motion to dismiss.

---

[1]    Judicial notice is taken of prior criminal proceedings involving Plaintiff.  *See Miller v. News Syndicate Co.*, 445 F.2d 356, 357 n.1 (2d Cir. 1971) (judicial notice taken of prior court proceedings that ended in plaintiff's acquittal of criminal charges referenced in allegedly defamatory publication).

II.    **STANDARD**

On a motion to dismiss, the Court accepts as true all factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). To withstand dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Nonetheless, courts will liberally construe pro se submissions to include the strongest claims suggested. *See, e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013); *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

III.    **DISCUSSION**

Because Plaintiff has failed to allege slander per se and he is defamation-proof, Defendant's motion to dismiss is granted.

"Defamation, consisting of the twin torts of libel and slander, is the invasion of the interest in a reputation and good name. Generally, spoken defamatory words are slander; written defamatory words are libel." *Albert v. Loksen*, 239 F.3d 256, 265 (2d Cir. 2001) (internal quotation marks and citation omitted). As the SAC does not allege that any of the statements are written, Plaintiff's defamation claim is treated as alleging slander. *See Tagliaferri v. Szulik*, No. 15 Civ. 2685, 2015 WL 5918204, *3 (S.D.N.Y. Oct. 9, 2015).

Under New York law, the elements of slander are "(i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) of and concerning the plaintiff, (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander per se, and (vii) not protected by privilege." *Albert*, 239 F.3d at 265–66

3

(citing *Dillon v. City of New York*, 704 N.Y.S.2d 1, 5 (1st Dep't 1999)) (internal quotation marks, citation and footnote omitted).  "Special harm" means "the loss of something having economic or pecuniary value."  *Liberman v. Gelstein*, 605 N.E.3d 344, 347 (N.Y. 1992); *see also Albert*, 239 F.3d at 271.

Plaintiff argues in his reply brief that the SAC sufficiently pleads special harm by alleging that his investment advisory business was "adversely affected as a result of the Defendant's false and malicious statements."  Even construed liberally, however, the SAC lacks sufficient information to make his claim plausible.  Even if Plaintiff had alleged special harm, this argument cannot sustain his claim because he is defamation-proof, as described below.

In order to survive absent allegations of special harm, Plaintiff's claims must therefore fall under one of four exceptions establishing slander per se.  *See Albert*, 239 F.3d at 271.

**A.  Slander Per Se**

For the following reasons, Plaintiff has failed to allege slander per se.

Use of colorful language such as "predator," "victimized," or "face of evil" are not actionable in and of themselves.  *See Dillon*, 704 N.Y.S.2d at 5 ("Loose, figurative or hyperbolic statements, even if deprecating the plaintiff, are not actionable . . . .").  These phrases are actionable only if they constitute slander per se.  Statements that constitute slander per se must "(i) charge the plaintiff with a serious crime; (ii) tend to injure the plaintiff in his or her trade, business, or profession; (iii) imply that plaintiff has a loathsome disease; or (iv) impute unchastity to a woman."  *Id.* (citing *Liberman*, 605 N.E.2d at 347).  Of these exceptions, only the first two are relevant, and neither is satisfied.

The allegations within the SAC do not fall under the exception for criminal conduct. Statements that are slanderous per se may "charge[] the defamed person with an 'indictable

offense upon conviction of which punishment may be inflicted', or with a 'serious crime'."

*Weldy v. Piedmont Airlines, Inc.*, 985 F.2d 57, 62 (2d Cir. 1995) (internal citation omitted).

"[S]tatements cannot be slanderous per se if reference to extrinsic facts is necessary to give them

a defamatory import." *Aronson v. Wiersma*, 483 N.E.2d 1138, 1140 (N.Y. 1985).  In this case,

the terms "predator" and "Face of Evil," do not, without external context, amount to accusations

that Plaintiff engaged in specific unlawful behavior.  Thus, none of the specific statements

alleged amount to slander per se alleging a serious crime.

 Nor do these specific statements amount to slander injurious to Plaintiff's trade, business

or profession.  "To be actionable as words that tend to injure another in his or her profession, the

challenged statements must be more than a general reflection upon [Plaintiff's] character or

qualities.  Rather, the statement must reflect on her performance or be incompatible with the

proper conduct of her business." *Golub v. Enquirer/Star Grp., Inc.*, 681 N.E.2d 1282, 1283

(N.Y. 1997) (collecting cases).  Words that "do[] not, on [their] face, defame [a] plaintiff in her

trade, business or profession" are not slander per se. *Aronson*, 483 N.E.2d at 1140.  The alleged

statements calling the Plaintiff "the Face of Evil" and a "predator," do not relate on their face to

any ability required to perform as an investment advisor. *See Golub*, 681 N.E.2d at 1283.  Thus,

the alleged statements do not support a claim of slander per se.

 Beyond the statements described above, the SAC makes conclusory allegations that

Defendant accused Plaintiff of "criminally fraudulent behavior in the manag[e]ment of the" trust

portfolio; and that "irreparable harm to his reputation" has occurred.  These statements lack the

requisite specificity to meet the pleading standard, even under the generous interpretation

accorded to pro se plaintiffs. *See Harris v. Mills*, 572 F.3d 66, 74–75 (2d Cir. 2009) (even

construing the complaint liberally, failure to include "allegation[s] (beyond *ipse dixit*)" of an element of a claim defeats the claim).

### B.  Statements Regarding Management of Defendant's Trust Portfolio

Even if Plaintiff had adequately pleaded statements by Defendant accusing the Plaintiff of criminal conduct in managing the trust portfolio, his claim fails because those statements would be true, and because Plaintiff is defamation-proof.

As noted above, the SAC alleges that Defendant accused Plaintiff of "criminally fraudulent behavior."  Tagliaferri's conviction for multiple counts of fraud defeat his defamation claims because any statement by Szulik concerning Plaintiff's fraud was substantially true.  *See Guccione v. Hustler Mag., Inc.*, 800 F.2d 298, 301 (2d Cir. 1986) ("[I]t is 'fundamental that truth is an absolute, unqualified defense to a civil defamation action.'").  The fact that Tagliaferri's conviction did not specifically identify fraud in his management of the "Raymond Szulik trust" does not alter this conclusion, as "[i]t is only necessary that the gist or substance of the challenged statements be true."  *Id.*; *see also Masson v. New Yorker Magazine Inc.*, 501 U.S. 496, 517 (1991) ("Minor inaccuracies do not amount to falsity so long as 'the substance, the gist, the sting, of the libelous charge is justified.'").

Plaintiff is also defamation-proof.  A plaintiff may have a reputation with respect to a specific subject "so badly tarnished that he cannot further be injured by allegedly false statements on that subject."  *Guccione*, 800 F.2d at 303.  While the defamation-proof plaintiff doctrine is to be applied sparingly, "in those instances where an allegedly [defamatory] statement cannot realistically cause impairment of reputation because the person's reputation is already so low or because the true portions of a statement have such damaging effects, even nominal

6

damages are not to be awarded." *Id.*  Whether a plaintiff is defamation-proof is a question of law.  *See Cardillo v. Doubleday & Co.*, 518 F.2d 638, 639 (2d Cir. 1975).

The defamation-proof plaintiff doctrine applies to Plaintiff.  Defendant's accusation -- criminal conduct in managing the trust portfolio -- which refers to conduct identical in nature to the crimes underlying Plaintiff's convictions, cannot meaningfully damage Plaintiff's reputation.  *See Cerasani v. Sony Corp.*, 991 F. Supp. 343, 354–55 (S.D.N.Y. 1998) (plaintiff found libel-proof who was widely reputed to be in organized crime and to participate in criminal acts depicted in defendant's film, although he had not been convicted of said acts in prior criminal trial); *cf. Stern v. Cosby*, 645 F. Supp. 2d 258, 270–71 (S.D.N.Y. 2009) (defamation-proof plaintiff doctrine does not apply where allegedly defamatory statements were fundamentally different than the previously alleged misconduct).  Because the Defendant's alleged statements do not impair Plaintiff's reputation any more than his existing convictions, Plaintiff's slander claim cannot be sustained.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and this case is dismissed with prejudice.  The Clerk of Court is directed to close the motion at Dkt. 46, close this case and mail Plaintiff a copy of this order.

SO ORDERED.

Dated: May 25, 2016
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**